UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSEN MARIANO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE CITY OF LAS VEGAS, a political subdivision of the State of Nevada; CORRECTIONAL HEALTHCARE COMPANIES, INC., a foreign corporation; CORRECT CARE SOLUTIONS, LLC, a foreign limited liability company; MICHELE FREEMAN, Chief of Detention Enforcement for the City of Las Vegas; CORRECTION OFFICER DOE 1-10; HEALTHCARE WORKER DOES 11-20; DOES 21-99; inclusive; ROE CORPORATIONS 100-199, inclusive,<br><br>　　　　Defendants. | Case No. 2:18-cv-01911-APG-EJY<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff Rosen Mariano's Motion to Reopen the Initial Expert Disclosure Deadline. ECF No. 85. The Court has considered Plaintiff's Motion, Defendant's Response (ECF No. 87), and Plaintiff's Reply (ECF No. 86).

**I.**　　**Background**

　　　　This case arises from Plaintiff's October 2016 incarceration in the City of Las Vegas Detention Center during which time he exhibited signs of a stroke. ECF No. 85 at 4-5.[1] Despite these signs, Plaintiff was placed in an isolated cell where he remained for two days before being transported to UMC. *Id*. at 5. On March 10, 2017, Plaintiff was treated by Dr. Enrico Fazzini, a neurologist, whose records indicate that had Plaintiff been treated promptly, the clot formation in Plaintiff's "large vessel" could have been prevented and "the stroke [that] occurred as a consequence … would not have occurred." *Id*. at 5-6.

---

[1]　　Defendant does not dispute any facts alleged by Plaintiff in Plaintiff's Motion. *See* ECF No. 86 (Defendant's Response). Thus, for purposes of this Order, the Court treats the facts alleged as uncontested.

1


On August 20, 2021, the Honorable Andrew P. Gordon, U.S. District Judge, entered an Order granting in part and denying in part Defendant's Motion for Summary Judgment. The Order also reopened discovery "limited to the defendants' relevant policies (or lack thereof), to include documents, percipient witnesses, and experts. … The defendants shall produce their relevant policies under Federal Rule of Civil Procedure 26(a)." ECF No. 69 at 10-11. A first amended discovery plan and scheduling order was entered on September 17, 2021 (ECF No. 72) and ultimately extended to require initial expert disclosures be made by February 28, 2022. ECF No. 79.

Prior to this extension, but during the reopened discovery period, Plaintiff served his First set of Document Requests that included Request No. 13, which states:

> Produce a copy of all policies, procedures, protocols, and/or guidelines for referral of a patient from a correctional facility to a hospital including emergency room in effect in October 2016.

There is no dispute that Defendant did not complete its disclosures in response to this request until May 2022—three months after the initial expert disclosure deadline passed. Plaintiff states this is when he was certain he had all policies in effect at the time of his injury. Plaintiff states this is the reason he did not comply with the deadline to disclose initial experts.

Plaintiff contends he establishes good cause and excusable neglect for his failure to timely disclose an expert. Plaintiff argues he diligently pursued discovery, Defendant's delayed response to timely propounded discovery prevented Plaintiff from providing complete information to his expert, the documents Defendant contends may be inadmissible at trial are not, as a matter of law, ones the expert is precluded from relying upon, Plaintiff's expert can promptly produce a report, and Defendant should be given an opportunity to disclose a rebuttal expert.

Defendant argues that the only policies and procedures relevant to Plaintiff's claims, as well as to Defendant's defenses, are the 2016 Adult Jail Policy that was disclosed to Plaintiff in October 2021. Thus, Defendant states there is no reason Plaintiff could not have timely disclosed an expert. Defendant is adamant that its later disclosed documents have "no practical or substantive bearing on the underlying issue of whether the policies and procedures that were in place during Plaintiff's confinement constituted deliberate indifference." ECF No. 86 at 4. Defendant also states Plaintiff's

Motion should be denied because counsel failed to include a declaration in support of the Motion in violation of the Local Rules.

Defendant argues Plaintiff seeks a third opportunity to disclose an initial expert who will allegedly rely on inadmissible evidence. *Id.* at 5. Defendant says this will result in prejudice because Defendant will be required to needlessly object, oppose, and seek protection of unrelated proprietary policy information. *Id*. at 5. When discussing the delay that may occur if Plaintiff's Motion is granted, Defendant says it "should not be penalized for Plaintiff's inability to complete discovery before the deadline," and Defendant returns to its theme of inadmissible evidence resulting in opinions that will be subject to motion practice. *Id*. at 6. Defendant effectively ignores that its disclosure in May 2022 had anything to do with the delayed disclosure of Plaintiff's expert and contends "[t]here is no justification that would excuse waiting until after the expert disclosure deadline" to disclose an expert. *Id*.

**II.   Discussion**

When a party seeks to reopen a discovery deadline after that deadline has run, the party must demonstrate excusable neglect. LR 26-3. The Ninth Circuit considers four factors when determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of delay in its potential impact on the proceeding; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). The Ninth Circuit holds excusable neglect approximates negligence. *Lamoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). The court's decision about whether neglect is excusable is ultimately an equitable one, taking into account all of the relevant circumstances surrounding the parties' omission. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship.*, 507 U.S. 380, 395 (1993). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Ultimately, "broad discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Beginning with consideration of prejudice, the Court finds Defendant's argument regarding inadmissible evidence unpersuasive. First, of course, black letter holds that inadmissible evidence is permitted under Rule 703 to "explain the basis of the expert's opinion." *Paddack v. Dave*

3

*Christensen, Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984). When that evidence is admitted, it "becomes necessary for the court to instruct the jury that the hearsay evidence is to be considered solely as a basis for the expert opinion and not as substantive evidence." *Id*.

Second, to the extent Defendant contends prejudice will arise from "unnecessary" motion practice to oppose the introduction of "unrelated proprietary information," Defendant's argument fails. Defendant is not the final arbiter of what is relevant or proportional to the needs of a case. *Mackelprang v. Fid. Nat'l Title Agency of Nev., Inc.*, Case No. 2:06-cv-00788-JCM-GWF, 2007 WL 119149, at *8 (D. Nev. Jan. 9, 2007) (an "interested party cannot be the 'final arbiter' of relevance ... [d]iscovery in our adversarial system is based on a good faith response to demands for production by an attorney constrained by the Federal Rules and by ethical obligations") (internal citation omitted). Given Defendant did not seek a protective order in response to Plaintiff's discovery request, Defendant's efforts to exclude the introduction of evidence will occur through motions in limine and not through opposition to Plaintiff's motion to reopen expert discovery. Defendant's apparent strong belief that what was produced after October 2021 is not relevant is not compelling in these circumstances.

Third, whether expert testimony is admissible is governed by Fed. R. Evid. 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Relevancy, for purposes of expert testimony requires "the evidence … logically advance a material aspect of the party's case." *Barabin v. Asent Johnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (citation omitted). Indeed, "[s]haky but admissible [expert] evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 645, 564 (9th Cir. 1995) *citing Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993).

4

With respect to delay, Defendant overstates its position. District Judge Gordon reopened discovery allowing Plaintiff to gather "relevant policies," take depositions, and disclose experts. ECF No. 69 at 10-11. Thereafter, Plaintiff propounded written discovery that included a request for documents the disclosure of which Defendant did not complete until May 2022, after expiration of the deadline for disclosure of initial experts. The Court does not disagree that Plaintiff could have disclosed an initial expert report. But, this disclosure was reasonably likely to be supplemented based on Defendant's additional document production. Producing two "initial" reports does not suggest any greater efficiency than what Plaintiff did—that is, wait until all documents were provided before seeking to disclose one complete initial expert report.

Under the totality of the circumstances presented, the failure to timely disclose an initial expert report does not support a finding of delay, prejudice or a lack of diligence. The initial expert report deadline came long before Defendant produced all documents responsive to Plaintiff's discovery request. The initial expert report due date of February 2022 (that would have been followed by a rebuttal report and expert depositions) was premature. Indeed, a report in February 2022 would have been supplemented (as Plaintiff demonstrates in its papers) by later produced documents leading, predictably, to a supplemental rebuttal expert report and supplemental depositions. That Plaintiff failed to request an extension of this deadline before the February due date came and went is not dispositive. It is to this failure the excusable neglect standard is applied.

Moreover, Defendant does not dispute—that is, Defendant does not respond to—Plaintiff's statement that he made multiple attempts to obtain the discovery ultimately provided by Defendant in May 2022 prior to the belated disclosure, and that the parties negotiated the issues underlying the instant Motion for more than a month before it was filed.[2] Plaintiff offers to produce an initial report within thirty days of the date of this Order. However, the Court finds Plaintiff can do so more

---

[2] Defendant argues Plaintiff's Motion should be denied because Plaintiff did not attach a declaration to its motion as required by Local Rule. Plaintiff is correct that LR 26-6(c) applies to "discovery motions" and requires the moving party to include a "declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Here, the parties stipulated to stay discovery pending the outcome of the instant Motion. *See* ECF No. 82. The stipulation recounts, in detail, the meet and confer efforts of the parties as well as Plaintiff's notice of intent to file the motion seeking to reopen the initial expert disclosure deadline, leading Defendant to agree to a stipulated stay of discovery. *Id*. at 6-8. While the Court cautions Plaintiff to ensure not just substantial compliance, but actual compliance with LR 26-6(c) in the future, the Court exercises its authority, under these specific circumstances, to decline to deny Plaintiff's Motion because no declaration was included with the same.

5

quickly thereby limiting any delay. Consistent with Plaintiff's offer, the Court will provide Defendant an opportunity to issue a rebuttal report and set dates for the depositions of experts to be completed. This too will limit delay. Finally, the Court finds there is no evidence of bad faith in this case and the reason for the delay is not a compelling basis to deny Plaintiff's Motion.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Reopen the Initial Expert Disclosure Deadline (ECF No. 85) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must produce an initial expert report no later than **October 14. 2022**.

IT IS FURTHER ORDERED that Defendant shall have through and including **November 14, 2022** to disclose a rebuttal expert.

IT IS FURTHER ORDERED that depositions of the experts must be completed no later than **December 16, 2022**.

IT IS FURTHER ORDERED that the last day to file dispositive motions is **January 20, 2023**.

IT IS FURTHER ORDERED that the joint pretrial order is due on **February 23, 2022**; provided, however, that if there is one or more dispositive motion pending on this date, the due date for the joint pretrial order is automatically vacated and reset for thirty days after the Court issues its order or orders on dispositive motions.

Dated this 21st day of September, 2022

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE