**THE GALLIHER LAW FIRM**
KEITH E. GALLIHER, JR, ESQ. (#220)
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
Telephone: (702) 735-0049
Facsimile: (702) 735-0204
kgalliher@galliherlawfirm.com

**GEORGE J. KUNZ, P.C.**
GEORGE J. KUNZ, ESQ. (#12245)
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
Telephone: (702) 735-0049
Facsimile: (702) 735-0204
gkunz@lvlawguy.com

**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CRISTINA P. VALENTINE, ESQ. (#16440)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
Cristina@lagomarsinolaw.com
*Attorneys for Plaintiff Mariano*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROSEN MARIANO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF LAS VEGAS, a political subdivision of the State of Nevada, et al.,<br><br>Defendants. | CASE NO.:   2:18-cv-01911-APG-EJY<br><br>**JOINT STATEMENT & STIPULATION AND [PROPOSED] ORDER TO CONTINUE HEARING (ECF NO. 168)** |

Plaintiff ROSEN MARIANO and Non-Party PROASSURANCE SPECIALTY INSURANCE COMPANY, INC. (hereinafter the "interested parties"), by and through their undersigned attorneys, hereby submit this *Joint Statement & Stipulation and [Proposed] Order to Continue Hearing (ECF No. 168)* as required by the Court's Order on March 9, 2026 (ECF

Page 1 of 4

4912-0361-1044.1

No. 168), in relation to their efforts to meet and confer on issues raised in Plaintiff's Motion to Compel (ECF No. 157).[1]

Immediately following the March 9th hearing (ECF No. 168), counsel for Plaintiff, Cristina P. Valentine, Esq., and counsel for ProAssurance Specialty Insurance Company, Inc. (hereinafter "ProAssurance"), Timothy J. Lepore, Esq., met in person and discussed how best to proceed. At that time, counsel for the interested parties agreed that Mr. Lepore would discuss the matter further with his client and determine the extent to which ProAssurance was willing to provide the information Plaintiff sought. Plaintiff's counsel scheduled a phone call for Friday, March 20, 2026, at 10:00 AM to follow up with Mr. Lepore regarding ProAssurance's position.

On March 20, 2026, at 10:00 AM, as scheduled, Mr. Lepore and Ms. Valentine spoke over the telephone regarding ProAssurance's position. Mr. Lepore stated that he had communicated with his client but was not able to schedule a telephone call with ProAssurance until the following Tuesday. Mr. Lepore also provided additional information about what he believed ProAssurance may agree to but could not confirm until speaking with ProAssurance. Consequently, it was agreed that Plaintiff's counsel would call Mr. Lepore on March 26, 2026, at 10:00 AM to follow up on the matter.

On March 26, 2026, at 10:00 AM, as scheduled, Ms. Valentine followed up with Mr. Lepore regarding his client's position. At that time, Mr. Lepore explained that he had a productive conversation with ProAssurance, during which ProAssurance agreed to provide a declaration containing relevant information, such as how the relevant insurance policies operate and ProAssurance's position on whether coverage applies. At the time, Mr. Lepore said that he would need a week to draft the declaration and an additional week thereafter for ProAssurance to review the draft and discuss changes or issues before sending the draft to Plaintiff's counsel. Upon ProAssurance agreeing to a particular version of the declaration, Mr. Lepore explained he

---

[1] Denied without prejudice (ECF No. 168).

4912-0361-1044.1

would send that version to Plaintiff's counsel before having ProAssurance execute it to confirm that the declaration sufficiently addresses the information sought and, if not, confer with ProAssurance's counsel on possible revisions to the declaration to resolve Plaintiff's pending Motion to Compel. Ms. Valentine agreed to this plan during the call.

Thereafter, the process of drafting the declaration and circulating that draft with ProAssurance took longer than anticipated. Mr. Lepore was not able to provide a draft to Plaintiff's counsel until 10:13 AM on April 21, 2026 (today).[2] Consequently, Plaintiff's counsel does not have enough time to review the draft, discuss any remaining issues, and secure a signed version of the declaration from ProAssurance in advance of the deadline to file this *Joint Statement*.[3]

Nonetheless, based on the ongoing conversations between counsel, the interested parties believe counsel will be able to productively confer on remaining revisions and secure a signed version of the final declaration from ProAssurance, thereby, resolving all outstanding issues related to the information Plaintiff requested from ProAssurance. However, the possibility remains that the interested parties may not be able to come to an agreement on remaining revisions and secure a signed version of a final agreed-upon declaration from ProAssurance.

Therefore, the interested parties propose and **HEREBY STIPULATE** that:

The hearing currently scheduled for Friday, April 24, 2026, at 10:00 AM (ECF No. 168) shall be continued to a date agreeable with the Court's schedule and occurring no sooner than Monday, May 11, 2026, to provide Plaintiff's counsel sufficient time to review the recently provided declaration and related documents, confer with ProAssurance's counsel on remaining issues, and secure a signed version of the final, agreed-upon version of the declaration from ProAssurance in advance of that hearing.

---

[2] Mr. Lepore also provided a 33-page packet of new insurance policy information.

[3] The deadline to file this *Joint Stipulation* is also today, April 21, 2026. (ECF No. 168).

Page 3 of 4

4912-0361-1044.1

The interested parties shall provide the Court with a Joint Statement three days in advance of the continued hearing date, as previously required by the Court's Order on March 9, 2026 (ECF No. 168). If ProAssurance signs an agreed upon declaration in advance of the date when the Joint Statement is due, or if Plaintiff and ProAssurance otherwise agree to resolve the underlying matter to be discussed at the hearing, Plaintiff and ProAssurance shall promptly file a Joint Statement in advance of that new Joint Statement deadline, notifying the Court of the matter's resolution so that the continued hearing may be vacated.

**IT IS SO STIPULATED AND AGREED.**

DATED this 21st day of April, 2026.

**LAGOMARSINO LAW**

*/s/ Cristina P. Valentine, Esq.*
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CRISTINA P. VALENTINE, ESQ. (#16440)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052

**THE GALLIHER LAW FIRM**
KEITH E. GALLIHER, JR, ESQ. (#220)
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104

**GEORGE J. KUNZ, P.C.**
GEORGE J. KUNZ, ESQ. (#12245)
1850 E. Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
*Attorneys for Plaintiff Mariano*

DATED this 21st day of April, 2026.

**ROPERS MAJESKI PC**

*/s/ Timothy J. Lepore, Esq.*
TIMOTHY J. LEPORE, ESQ. (#13908)
*Attorney for Non-Party ProAssurance
Specialty Insurance Company, Inc.*

**ORDER**

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED that the hearing set for April 24, 2026 at 10:00 a.m. is vacated and rescheduled to June 3, 2026 at 11:00 a.m. in Courtroom 3D.**

**IT IS FURTHER ORDERED that the parties' status report is due May 29, 2026.**

UNITED STATES MAGISTRATE JUDGE

**Date:  April 22, 2026**

4912-0361-1044.1

Page 4 of 4